UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CODY SEWELL | CIVIL ACTION |
| VERSUS | No. 06-9590 |
| ATLAS ROOFING CORPORATION OF MISSISSIPPI, *et al.* | SECTION: I/4 |

## ORDER AND REASONS

Before the Court is the motion to dismiss class action allegations filed on behalf of defendants, Atlas Roofing Corporation, Atlas Roofing Corporation of Mississippi, and Roofing Products and Building Supply Co., Inc. Plaintiff, Cody B. Sewell, has filed no opposition to defendants' motion. Defendants argue that plaintiff has failed to move for class certification within ninety days as required by Local Rule 23.1(B).[1]

Plaintiff filed his action in Louisiana state court on June 10, 2006.[2] The case was removed to the United States District Court for the Middle District of Louisiana on August 11, 2006,[3] and transferred to this Court on October 24, 2006.[4] Per Local Rule 23.1(B), plaintiff's

---

[1] Local Rule 23.1(B) states, "[w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under [Federal Rule of Civil Procedure] 23(c)(1), as to whether the case is to be maintained as a class action." This Local Rule is applicable to both the Eastern and Middle Districts of Louisiana. Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure requires that, "[w]hen a person sues or is sued as a representative of a class, the court must--at an early practicable time--determine by order whether to certify the action as a class action."

[2] Rec. Doc. No. 1-4, p. 13.

[3] Rec. Doc. No. 1-4, p. 1.

[4] Rec. Doc. No. 1, p. 1.

motion for class certification was due no later than November 9, 2006, which is 90 days after the case was removed to federal court. Plaintiff's motion for class certification is now many months late; therefore, his class action allegations will be dismissed as untimely. *See Williamson v. Swiss Reinsurance Am. Corp.*, No. 03-1089, 2003 U.S. Dist. LEXIS 17934 (E.D. La. Oct. 7, 2003); *Stewart v. Project Consulting Servs., Inc.*, No. 99-3595, 2001 U.S. Dist. LEXIS 13689 (E.D. La. Aug. 28, 2001) (Fallon, J.); *Cook v. Ill. Cent. R.R.*, No. 93-3967, 1995 U.S. Dist. LEXIS 3387 (E.D. La. Mar. 10, 1995) (Vance, J.).

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss class action allegations[5] is **GRANTED**. To the extent that plaintiff's complaint seeks to bring claims on behalf of a class of unnamed plaintiffs, those claims are **DISMISSED**.

New Orleans, Louisiana, April 19th, 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[5] Rec. Doc. No. 6.